UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY STOOPS, | No. 2:16-cv-0021 JAM GGH P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| STUART SHERMAN, | |
| Respondent. | |

INTRODUCTION AND BACKGROUND

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with an amended petition for writ of habeas corpus pursuant to 28 U.S.C § 2254.  On February 25, 2016, petitioner was directed to inform the court whether he wished to proceed with the original or amended petition, and to file a motion for stay and abeyance if he wished to proceed with his completely unexhausted amended petition.  Petitioner filed a motion for stay and abeyance on March 3, 2016, and respondent filed an opposition on May 4, 2016, to which petitioner filed a reply on May 16, 2016.  Having reviewed those filings, the undersigned now recommends that the petitioner's motion be denied and this action be dismissed without prejudice.

    Petitioner pled guilty in 2014 to various sexual crimes.  His claims in the amended petition, none of which have been exhausted, are:  (1) the District Attorney withheld evidence to prove petitioner's innocence, including text records, video surveillance, and witness statements; (2) ineffective assistance of trial counsel through lies to petitioner, refusing to obtain witness

1

1  statements and surveillance videos, refusing to accept petitioner's defense that he reasonably
2  thought the victim to be the age of consent, and refusing to file an appeal; (3) excessive
3  sentencing; and (4) malicious intent by District Attorney in arguing against bail reduction.
4     In the order filed February 25, 2016, the court directed petitioner to file a motion for stay
5  and abeyance and outlined the procedures required, including setting forth good cause, that the
6  claims are potentially meritorious, that petitioner has diligently pursued his unexhausted claims,
7  and the status of any pending state court proceedings.  Petitioner's motion, filed March 3, 2016,
8  states only that he moves for stay and abeyance and that he intends to proceed on the amended
9  petition.  Respondent opposes the motion, contending that petitioner has not met the Rhines
10 standards.[1]  Although the undersigned has considered petitioner's reply, filed May 16, 2016,
11 which does add some information in support of his motion, the motion should be denied as failing
12 to meet the stay and abeyance requirements.
13 DISCUSSION
14    On February 17, 2016, the Ninth Circuit issued an opinion for publication which
15 significantly changes the manner in which wholly unexhausted federal habeas petitions are
16 handled.  The court held "that a district court has the discretion to stay and hold in abeyance fully
17 unexhausted petitions under the circumstances set forth in Rhines."  Mena v. Long, 813 F.3d 907
18 (9th Cir. 2016).  Pursuant to that newly issued decision, petitioner was afforded the opportunity to
19 move to stay and hold his completely unexhausted petition in abeyance while he completes the
20 state court exhaustion process.
21    A district court may properly stay a habeas petition and hold it in abeyance pursuant to
22 Rhines v. Weber, 544 U.S. 269 (2005).  See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).
23 Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an
24 unexhausted claim to the state courts.  Rhines, 544 U.S. at 277.  Such a stay "eliminates entirely

---

[1] Petitioner complains that respondent's filings are untimely; however, petitioner is informed that he failed to serve respondent with his motion in violation of E.D.L.R. 135(b), and respondent thereafter received proper extensions of time in which to respond to the motion. The response was filed one day late; however, respondent has adequately explained and apologized for the failure. (ECF No. 21 n. 1.)

any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" King, 564 F.3d at 1140.[2]  However, to qualify for a stay under Rhines, a petitioner must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim.  Rhines, 544 U.S. at 277–78.

What constitutes good cause has not been precisely defined except to indicate at the outer end that petitioner must not have engaged in purposeful dilatory tactics, Rhines, 544 U.S. at 277-78, and that "extraordinary circumstances" need not be found.  Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005); see also Rhines, 544 U.S. at 279 (Stevens, J., concurring) (the "good cause" requirement should not be read "to impose the sort of strict and inflexible requirement that would trap the unwary pro se prisoner") (internal citation omitted); id. (Souter, J., concurring) (pro se habeas petitioners do not come well trained to address tricky exhaustion determinations).

"But as the Jackson court recognized, we must interpret whether a petitioner has "good cause" for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances.'  We also must be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court."  Wooten v. Kirkland, 540 F.3d 1019, 1023-24 (9th Cir. 2008) (quoting Jackson, 425 F.3d at 661) (internal citations omitted).

Recently, the Ninth Circuit stated that "a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust," will demonstrate good cause under Rhines.  Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).  In Blake, the Ninth Circuit held that ineffective assistance of counsel by post-conviction counsel can be good cause for a Rhines stay, however, bare allegations of state post-conviction IAC do not suffice.  Id. at 983.

The Blake court concluded that petitioner satisfied the good cause standard where he

---

[2]  This assumes, of course, that the unexhausted claims were either timely brought in their own right, or that they can relate back to timely claims in the original petition.

3

1  argued that his post-conviction counsel[3] "failed to conduct any independent investigation or retain
2  experts in order to discover the facts underlying his trial-counsel IAC claim; namely, evidence
3  that Blake was" subject to severe abuse as a child and suffered from brain damage and
4  psychological disorders.  745 F.3d at 982 (internal quotes omitted).  The petitioner supported this
5  argument with extensive evidence, including psychological evaluation reports, a declaration by
6  the private investigator who worked briefly for his post-conviction attorney, and thirteen
7  declarations from petitioner's family and friends describing his "abhorrent" childhood conditions.
8  Id. at 982-83.  The Blake court concluded that the petitioner had met the Coleman/Martinez
9  standard to show good cause under Rhines."  Id. at 983-84 & n.7.

10  Based on Mena, the aforementioned requirements now apply equally to completely
11  unexhausted petitions such as the amended petition here.

12  It is not until his reply that petitioner attempts to set forth these requirements, but he has
13  inadequately done so.  First, in regard to good cause, petitioner makes only the following
14  conclusory assertion: "I was under the impression my claim had already been submitted to the
15  courts for my appeal by my defense lawyer only to find out as time went on – thus indicating he
16  in fact never filed my appeal with the courts…."  (ECF No. 24 at 3.)  Petitioner does not represent
17  that his attorney affirmatively indicated that he would file an appeal on petitioner's behalf, and
18  petitioner makes no attempt to submit evidence that his attorney promised he would file an
19  appeal, or when he made such a promise.  Nor does petitioner explain why he did not file an
20  appeal himself through the California Supreme Court level.  As set forth in Blake *supra*,
21  petitioner's bare allegations of good cause do not suffice.

22  These minimal assertions also fail to demonstrate that petitioner diligently pursued his
23  unexhausted claims.  Petitioner had an entire year to file his exhaustion petition, and as pointed
24  out by respondent, he concedes that although he requested his public defender file his appeal,

---

[3] In Blake's case "post-conviction counsel" must refer to counsel on the state habeas petition for two reasons (1) Blake had been sentenced to death and appointment of counsel would have been likely; (2) appellate counsel on direct review would in all probability not be tasked with raising issues outside the record as most courts will not adjudicate IAC claims on direct review. Therefore, Blake is instructive, but not controlling.

1  "when it got closer to [his] time limit [he] realized [he] would have to file [his] own appeal…."
2  (ECF No. 8 at 1.) Petitioner provides no further explanation or reason why he did nothing during
3  this time period, or why it was reasonable for him to rely on his public defender, despite the lack
4  of documented communication between them. Petitioner even admits that he only requested his
5  public defender appeal "the sentencing part" of his case, not the majority of the claims raised
6  here, and he learned approximately eleven months after his conviction that his public defender
7  would not be appealing his conviction. (ECF No. 9 at 5.)

8      Petitioner has additionally failed to show that his claims are potentially meritorious.
9  Because petitioner entered a guilty plea, there are only certain claims which may be raised on
10 collateral review.

11     The law is clear that petitioner may not raise claims of deprivation of his constitutional
12 rights that occurred prior to his plea. "When a criminal defendant has solemnly admitted in open
13 court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise
14 independent claims relating to the deprivation of constitutional rights that occurred prior to the
15 entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). See also McMann v.
16 Richardson, 397 U.S. 759, 770-71 (1970); Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994)
17 ("As a general rule, one who voluntarily pleads guilty to a criminal charge may not subsequently
18 seek federal habeas relief on the basis of pre-plea constitutional violations"), overruled on other
19 grounds by Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003); Ortberg v. Moody, 961 F.2d 135,
20 137 (9th Cir. 1992) ("petitioner's nolo contendere plea precludes him from challenging alleged
21 constitutional violations that occurred prior to the entry of that plea"); Hudson v. Moran, 760 F.2d
22 1027, 1029-30 (9th Cir. 1985) (voluntary and intelligent guilty plea precludes federal habeas
23 relief based upon "independent claims" of pre-plea constitutional violations); United States v.
24 DeVaughn, 694 F.3d 1141, 1153 (10th Cir. 2012) ("A guilty plea waives all defenses except those
25 that go to the court's subject-matter jurisdiction and the narrow class of constitutional claims
26 involving the right not to be haled into court.").

27     Claims three and four, for excessive sentencing and prosecutor's malicious intent in
28 arguing against bail reduction, respectively, may not be raised after a guilty plea is entered

1  because they pertain to constitutional violations which are alleged to have occurred prior to the

2  entry of the plea.

3  With respect to claims of ineffective assistance during the plea process involving defense

4  counsel's alleged failure to investigate, the Supreme Court has explained:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 36 (1985). See also Smith v. Mahoney, 611 F.3d 978, 989 (9th Cir.2010). "The standards created by Strickland and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is 'doubly' so." Richter, 562 U.S. at 105 (citations omitted). Thus, in federal habeas proceedings involving "claims of ineffective assistance of counsel, ... AEDPA review must be ""'doubly deferential'"" in order to afford "both the state court and the defense attorney the benefit of the doubt." Woods v. Donald, ––– U.S. –––, 135 S.Ct. 1372, 1376 (2015) (quoting Burt v. Titlow, 571 U.S. ––––, ––––, 134 S.Ct. 10, 13 (2013)).

Based on this very deferential standard, and petitioner's lack of specificity and evidentiary support in regard to his ineffective assistance claim, the undersigned fails to find that it is potentially meritorious.

In regard to the prosecutor's withholding of exculpatory evidence, there is the question of whether Brady disclosures are required outside the context of a trial. The Supreme Court has yet to address whether the Due Process Clause requires such disclosures prior to entry of a guilty plea. McCann v. Mangialardi, 337 F.3d 782, 787 (7th Cir.2003). In United States v. Ruiz, 536 U.S. 622, 629, 122 S.Ct. 2450 (2002), the Supreme Court did hold that withholding of

6

1  impeachment material did not give rise to a cognizable Brady claim in the context of a guilty
2  plea. Exculpatory material should be treated no differently for Brady purposes. In United States
3  v. Bagley, 473 U.S. 667, 105 S.Ct. 3375 (1985), the Supreme Court specifically rejected any
4  distinction between exculpatory and impeachment evidence, finding them both to fall within
5  Brady as "evidence favorable to an accused." Id. at 676, quoting Brady, 373 U.S. at 87, 83 S.Ct.
6  at 1196, and citing Giglio v. United States, 405 U.S. 150, 154, 92 S.Ct. 763, 766 (1972).
7  Although McCann interpreted Ruiz to suggest in dicta that withheld exculpatory, as opposed to
8  impeachment evidence, could give rise to a due process violation, 337 F.3d at 787, this court
9  draws no such inference and relies on the Supreme Court's express finding in Bagley. Cf. Torres
10 v. Prosper, 2008 WL 6665286, * 8 (E.D.Cal. Dec. 12, 2008) (discussing potential distinction
11 between exculpatory and impeachment evidence in regard to guilty plea). Therefore, in light of
12 Ruiz and Bagley, even if petitioner could proffer evidence in support of his claim, and whether it
13 would be viewed as exculpatory or impeachment material, his Brady claim would fail. It is
14 clearly established that the constitution does not require disclosure of impeachment information
15 prior to a guilty plea, and it is also clearly established that exculpatory information is to be treated
16 in the same manner. Since Bagley, the Supreme Court has not determined that Brady requires
17 disclosure of exculpatory evidence before entry of a guilty plea. Therefore, this claim is not
18 potentially meritorious.
19      In sum, petitioner has failed to make an adequate showing of good cause, that his
20 unexhausted claims are potentially meritorious, and that he has diligently pursued the
21 unexhausted claims. His motion for stay and abeyance under Rhines and Mena must therefore be
22 denied. Because a completely unexhausted petition must be dismissed, Jiminez v. Rice, 276 F.3d
23 478, 481 (9th Cir.2001), the undersigned will so recommend.
24 CONCLUSION
25      Accordingly, IT IS HEREBY RECOMMENDED that:
26      1. Petitioner's motions for stay and abeyance (ECF Nos. 14, 20), be denied;
27      2. This action be dismissed without prejudice as unexhausted.
28      These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 23, 2016

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/stoo0021.fr-sta